295



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY. GENERAL

Hon. H. C. Petry, Jr.
County Attorney
Dimmit County
Carrizo Springs, Texas

Dear Sir:

> Opinion No. O-7052
> Re: Construction of Articles 2742e-1
> and 2742f, V. A. C. S., with
> reference to abolishing common
> school having fewer than 10
> resident scholastics within its
> boundaries where no public school
> has been conducted for 5 years
> and attaching same to another
> district.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"We have in Dimmit County a common school district comprising approximately 200,000 acres which comes under the jurisdiction of our County Board of School Trustees. This school district has fewer than ten (10) resident scholastics within its boundaries and no public school has been conducted within its boundaries within a period of five (5) years. If it is the desire of the adjoining independent school district of Carrizo Springs to accept this common school district territory we would like to know if it could be done under Article 2742 E, if so, is there any such procedure necessary other than that outlined in said Article 2742 E?

"Article 2742 E-1 was passed in '39 by the 46th Legislature and provides as follows:

"'That from and after the passage of this Act, the County Board of School Trustees in any county in this State shall have authority and full power to abolish

Hon. H. C. Petry, Jr., page 2

and/or subdivide any common school district, or other district coming under the jurisdiction of said County Board, having fewer than ten (10) resident scholastics within its boundaries, provided that no public school has been conducted in such district for a period of five (5) years immediately preceding such action by said County Board of School Trustees.  The territory of any such school district so abolished or subdivided may be attached to any or all contiguous school districts or county line school districts in such manner as may be determined by said County Board.  It is further provided that in the event such newly formed school district does not vote to assume the same, the County School Board shall make an adjustment of any outstanding bonded indebtedness, if there be such, and provide for an equitable distribution of all district properties and/or moneys between the districts affected and the territory so divided, detached or added, taking into consideration the value of school properties and the taxable wealth of the district affected and the territories so divided, detached or added, as the case may be.  When said County Board shall have arrived at a satisfactory basis of such an adjustment, it shall have power to make such orders with reference thereto as shall be conclusive and binding upon the districts so affected; provided, however, that the trustee or any residents of the districts or territory so affected by the Act of the County Board of Trustees as authorized by this Act may appeal from the decision of the County Board to the District Court.'

"We would like to point out in this connection that there is no bonded indebtedness existing in the common school district which we seek to abolish and to attach the territory comprising same to the Carrizo Springs Independent School District which is a contiguous school district.  It is my opinion that the County Board of School Trustees can at any regular or call meeting investigate to determine if there are fewer than ten (10) resident scholastics within the territory of the school district sought to be abolished and if there has been any school conducted within five (5) years previous to their action, and if they find that these facts comply with their action, they can at that meeting pass an order abolishing said district and attaching same to the Independent School District of Carrizo Springs.  It is then my opinion that the Carrizo Springs Independent School District Board of Trustees could then have a meeting and vote by majority to assume the new district and pass an order to that effect.

Hon. H. C. Petry, Jr., page 3

"We are of the opinion that Article 2742 F has no bearing on this situation because it deals with detaching one school district and attaching it to another, while our present purpose is to abolish a school district where fewer than ten (10) resident scholastics are within the territory of the school district and where no school has been conducted within five (5) years. We feel that Article 2742 E stands alone in view of its peculiar requirements, and that no notice need be given and no election need be held and that none of the procedure required in Article 2742 F need be followed, because by the very nature of Article 2742 E if anyone in said common school district to be abolished opposed said abolishing they could move in ten (10) resident scholastics and therefore defeat the purpose and intention of the Statute passed by the Legislature. It is my opinion that if the facts fall within the Statutes of Article 2742 E that it is not necessary to construe Article 2742 E and 2742 F together as was done in the case of the City of Beaumont Independent School District vs Broadus, 182 So. W. 2nd page 406, because in that case the question of fewer than ten (10) resident scholastics and the fact that no public school had been conducted within a period of five (5) years was not involved. We believe that when the facts are such that they come within the terms of 2742 E that the Statute would stand alone and if this be true the question of procedure is limited to the order entered by the County Board of School Trustees and the order entered by the new school district accepting the additional territory.

"I respectfully request an opinion of the validity of Article 2742 E-1 as to whether or not it will stand alone without requiring the procedure set out in Article 2742 F, and if it will, then is it sufficient to abolish said district by an order of said County School Trustees with assent of new school district of acceptance of additional territory? If these two orders are all that are needed, where should they be filed or recorded so that the County Tax Assessor and Collector, who also assesses and collects taxes for the Carrizo Springs Independent School District, would be authorized to start assessing and collecting taxes on the additional territory added to the Carrizo Springs Independent School District."

Hon. H. C. Petry, Jr., page 4

You have correctly quoted Article 2742e-1 in your letter and we deem it unnecessary to quote it again in this opinion. Article 2742f, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Sec. 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles.

"Sec. 1-a. The County Board of Trustees, upon receipt of the petition herein prescribed and when the educational needs of the county necessitate such action, may detach from any district, common or independent, or any such contiguous districts, whether created by General or Special Law, territory to be incorporated into a new common school or independent school district; provided that before the County Board may pass an order detaching the said territory and incorporating the said district, notice of such proposed action must be given in writing to the officers of the Board of Trustees of each district whose area would be affected by the said transfer of territory, and an opportunity to be heard on the proposed change be afforded the officers of such district; and provided further that no district shall

H. C. Petry, Jr., page 5

be reduced below an area of nine (9) square miles, or any district created with an area of less than nine (9) square miles and sufficient taxable valuations to support an efficient school system. In the event the territory to be detached from any district exceeds ten per cent (10%) of the total area of the said district, the County Board of Trustees must have, in addition to the petition prescribed herein, the written approval of the proposed detachment of territory by a majority of the Board of Trustees of said district. Any school district created under the provisions of this Act shall be governed by the General Laws relating to common and independent school districts as they now exist or may hereafter be enacted, and it shall be the duty of the County Board of Trustees, at the time the order for the establishment of the district is made, to appoint a Board of Trustees for the said common or independent school district as prescribed by General Law.

"Any bonded indebtedness affected by the proposed transfer of territory and the establishment of a new district shall be adjusted by the County Board of Trustees as prescribed by the General Law; provided, however, that before any tax may be levied over the territory of the new district for the liquidation of its proportionate part of the outstanding bonded indebtedness of any district from which the territory of the new district is taken, the said new district shall vote to assume the said indebtedness and authorize the levy of the necessary tax. The said election shall be held in accordance with the provisions of the General Law governing bond tax elections in a common or independent school district as the case may be.

"The petition shall give the metes and bounds of the proposed district and be signed by a majority of the qualified voters residing in each territory to be detached; provided that when the proposed new district will embrace territory lying in two or more counties, all orders affecting its establishment shall be concurred in by the County Board of Trustees of each county concerned, but the petition for the establishment of a County Line District as provided for herein shall be addressed to the County Board of Trustees of the county in which the principal school of the new district is to be located, and administrative jurisdiction of the said district shall be vested in the County Board of said county. Added Acts 1931, 42nd Leg., p. 235, ch. 140, 01.

"Sec. 2. Any outstanding indebtedness affected by changes in the boundaries of school districts shall be adjusted by the County Board of Trustees as provided in Sections 10, 11 and 12 of Chapter 84, Acts of the 40th Legislature, First Called Session. Acts 1929, 41st Leg., 1st C. S., p. 106, ch. 47."

We agree with you that the problem submitted by you is governed by Article 2742e-1, V. A. C. S., and that Article 2742f, V. A. C. S., has no application thereto.

It is our opinion that if the County Board of Trustees determines that there are fewer than ten (10) resident scholastics within the common school district, and that no school has been conducted therein within five (5) years previous thereto, such Board would be authorized under Article 2742e-1 to make an order abolishing the common school district and attaching its territory to Carrizo Springs Independent School District. You state in your letter that the Carrizo Springs Independent School District also proposes to pass an order accepting the new territory; while we think this is not required by Article 2742e-1 under the facts stated, we think it would be a wholesome and proper thing to do.

Inasmuch as Article 2742e-1 does not provide for notice, it is our opinion that same is not absolutely required; however we think the giving of notice and the affording to any interested parties the right to be heard would be a very proper and wholesome procedure, and we recommend it, inasmuch as the statute (Art. 2742e-1) provides that any trustee or resident of the district or territory affected by the decision of the County Board may appeal from such decision to the District Court.

The order of the County Board of Trustees should be recorded in its minutes. If the Carrizo Springs District Board of Trustees makes an order in the matter it should be recorded in its minutes. Certified copies of each of said orders could be handed to the Tax Assessor-Collector for his information.

We are also enclosing a copy of opinion No. O-6585 of this department, which may be helpful on other problems which may arise with respect to the matter inquired about, especially with respect to taxation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE